United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

**No. 02-50799**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHRISTIAN BALTAZAR-URIBE,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-01-CR-1838-1-DB)**

---

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christian Baltazar-Uribe was indicted on six charges of conspiracy to import marijuana. After hearing testimony of his co-conspirators, a jury found him guilty on all counts. Baltazar was sentenced to 121-months incarceration.

Baltazar contends: (1) the evidence is insufficient because the government witnesses were untrustworthy; and (2) the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in denying his motion for mistrial when the prosecutor misstated a fact in closing argument.

Baltazar's sufficiency claim is based only on government witnesses lacking credibility. Of course, the jury is the final arbiter both of the weight of the evidence and of the credibility of witnesses. *United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993). The testimony of a co-conspirator alone may be sufficient to support a verdict. *Id.* Baltazar has not shown the evidence insufficient.

Concerning Baltazar's claim that his motion for a mistrial should have been granted after the prosecutor made a misstatement of fact during closing argument, the district court did not abuse its discretion. The jury was immediately directed to disregard the erroneous comment and the prosecutor corrected his remark. *E.g.*, *United States v. Crane*, 445 F.2d 509, 520 (5th Cir. 1971).

*AFFIRMED*

2